WILLIAM HOWELL AND ANOTHER, PLAINTIFFS IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Jury — verdict — power of court to direct, in criminal cases.*

In criminal cases, where the accused has plead not guilty, the court has no power to direct the jury to bring in a verdict of guilty.

*United States* v. *Anthony* (11 Blatch., 200) criticised.

WRIT of error to the Court of Sessions of the county of Fulton, to review the conviction of the plaintiffs in error of a violation of the excise law.

The plaintiffs in error were indicted for a misdemeanor, and were brought to trial. After the evidence was closed, and the court had charged the jury, one of the jurors stated to the court that one of them thought that they had better retire. The court stated that the evidence was uncontradicted and undisputed, and that they would not allow the jury to retire. And they directed the jury to find the defendants (plaintiffs in error) guilty. To

this their counsel excepted. The jury then found the defendants guilty, and the court sentenced them.

*H. B. Cushney*, for the plaintiffs in error.

*H. E. Smith*, for the defendants in error.

LEARNED, P. J.:

We think it was error for the court to direct a verdict of guilty. The defendants were entitled to a jury trial. And it is for the public interest that this right should be preserved. (*The People v. Cancemi*, 18 N. Y., 128.) The right to trial by a jury means that the persons indicted are entitled to have the question of their guilt passed upon by the jury. It does not mean that the court is to decide that question, and the jury are only to utter the verdict of the court. It is true that the court may direct, and in a proper case ought to direct, a verdict of acquittal. (*The People v. Bennett*, 49 N. Y., 137; *Duffy v. The People*, 26 id., 588.) Of this the prisoner cannot complain. And the State has no right to put him to the peril of a trial, when its own court says that there is no sufficient evidence of his guilt. But to direct his acquittal is one thing, to direct his conviction is another; as any prisoner on trial would know. Thus it is said that the court may direct a verdict of acquittal, because, if the defendant were convicted by the jury, the court would have the power to grant a new trial, if the verdict were against evidence. (*United States v. Fullerton*, 7 Blatch. C. C., 177.) But if the jury should acquit, could the court grant the people a new trial, and put the prisoner in jeopardy again? The very power, then, of granting a new trial, which, by implication, is said to authorize a direction to acquit, does not exist in the case of an acquittal by a jury. No implication, then, authorizes a direction to convict.

So it is said that the court is the judge of the law, and the jury of the fact; that is, it is the duty of the jury "to be governed by the instructions of the court as to all legal questions involved in such [general] verdicts. They have the power to do otherwise, but the exercise of such power cannot be regarded as rightful, although the law has provided *no means, in criminal cases*, of

reviewing their decisions, whether of law or fact." (*Duffy* v. *People, ut supra.*)

In the present case, the court might have said to the jury : If you find that the prisoners did so and so, it will be your duty to convict them.    But even then, if the jury had disregarded such instructions, and had acquitted, that would have been a matter for thier consciences. It is better that, in some rare case, a jury should violate their duty and acquit a prisoner, unquestionably guilty, than that the power to compel a conviction should be in the hands of the court. Thus, even before the passage of the libel bill, and when the courts were asserting, in the strongest manner, their right to decide questions of law in criminal prosecutions for libel, Lord MANSFIELD said, in the *Dean of St. Asaph's Case:* "It is the duty of the judge, in all cases of general justice, to tell the jury how to do right, though they have it in their power to do wrong, which is a matter entirely between God and their own consciences." (21 State Trials, 1040.)   Such language could not have been used, if that great judge had supposed that the court could not only tell the jury how to do right, but could compel them to render such verdict as the court chose.

The present case was undoubtedly plain on the evidence.    But it is in just such plain cases that danger to the system of trial by jury may creep in.    If the defendants had been indicted for murder, no matter how plain the evidence, no court would have dared to direct a verdict of guilty, while a plea of not guilty stood on the record. The defendants had the same rights in this case.

A distinction was suggested between offenses in which *intent* is a necessary ingredient, and those in which it is not.    There is no such limitation of the right of trial by jury.    Again, in a certain sense, intent enters into all offenses; not, perhaps, intent to do wrong, but, at least, an intent to do the act. The only case relied upon to sustain this conviction, is that of *The United States* v. *Anthony* (11 Blatch., 200).    The real object of that trial was rather to obtain an authoritative decision on the question involved, than to punish the defendant.    The fine imposed was small, and there was no commitment for non-payment. Still it is to be regretted that the learned judge who tried the case did not content himself with declaring the law as to the right to

vote. In assuming the power to direct a verdict of guilty, we think he violated a well established and most valuable rule of law. Unfortunately there was no right of appeal. The action of the learned judge, however, was criticised in an able report of Senator Carpenter, made to the senate of the United States (Documents 1874, vol. 2, No. 472); and by the judiciary committee of the house. (Documents 1874, vol. 3, No. 608.) The only arguments in support of the court in that case are, that the court is the judge of the law ; and that it may direct an acquittal. These arguments have been already considered. No precedent is found sustaining that decision. The contrary is assumed in the able examination as to the right of juries, in the *State* v. *Croteau* (23 Vt., 14), and seems to follow from the decisions in *Commonwealth* v. *Porter* (10 Metc., 263), and *Commonwealth* v. *White* (id., 14).

Courts once claimed the right to punish jurors for wrong verdicts. That no such right exists was settled in the famous *Bushnell's Case* (Vaughan, 135). And it is well said in that old case : " For if the judge from the evidence shall by his own judgment first resolve, upon any trial, what the fact is, and so, knowing the fact, shall then resolve what the law is and order the jury penally to find accordingly, what either necessary or convenient use can be fancied of juries, or to continue trials by them at all ? "

So Chief Justice SHAW, in *The Commonwealth* v. *Porter* (*ut supra*), after saying that a jury may render a general verdict, adds, that if " the court should express or intimate any opinion upon any such question of fact, it is within the legitimate province of the jury to revise, reconsider and decide, contrary to such opinion, if in their judgment it is not correct, and warranted by the evidence."

It follows, therefore, that no court has power to direct a verdict of guilty.

We think the action of the court below was erroneous in law, and dangerous as a precedent.

The judgment and conviction should be reversed, and a new trial granted.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Ordered accordingly.